WEISBERG LAW
Matthew B. Weisberg, Attorney ID No. 85570
7 South Morton Ave.
Morton, PA
610-690-0801
Fax: 610-690-0880
**Attorney for Plaintiff**

SCHAFKOPF LAW, LLC
Gary Schafkopf, Attorney ID No. 83362
11 Bala Ave
Bala Cynwyd, PA 19004
610-664-5200 Ext 104
Fax: 888-238-1334
**Attorney for Plaintiff**

## IN THE UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **MURIEL BECK**<br>1929 Sansom St, #705<br>Philadelphia, PA 19103<br><br>          **Plaintiff,**<br>          **v.**<br><br>**CNO FINANCIAL GROUP, INC**<br>11825 N Pennsylvania St,<br>Carmel, IN 46032<br><br>and<br><br>**DAVID PUTNAM**<br>11825 N Pennsylvania St,<br>Carmel, IN 46032<br><br>and<br><br>**JOHN DOES**<br>          **Defendants.** | **No.**<br><br>**JURY TRIAL OF TWELVE (12)<br>DEMANDED** |

## CIVIL ACTION

## PARTIES

1. Plaintiff, Muriel Beck is an individual residing at the above captioned address. Plaintiff

    is a citizen of Pennsylvania

2. Defendant, CNO Financial Group, Inc is incorporated in state of Delaware with headquarters in the state of Indiana. Upon information and belief, Defendant is a citizen of Delaware.

3. Defendant, David Putnam is an individual working as manager of Human Resources at CNO Financial Group, Inc located at above captioned address. Upon information and belief, Defendant is s citizen of Indiana.

4. Defendants, John Does 1-10, is a moniker/fictitious name for individuals and entities currently unknown but will be substituted when known, as affiliated, associated or liable hereunder for the reasons set forth below or inferred therefrom. Each of these parties are incorporated as Defendants in each and every count and averment listed above and below.

## JURISDICTION AND VENUE

5. Venue is proper in the in The United States District Court for The Eastern District of Pennsylvania because this is where the transactions and occurrences that give rise to the cause of action have taken place.

6. Jurisdiction in this Honorable Court is based on a violation of federal law conferred by 28 U.S.C. § 1331; supplemental jurisdiction over state law claims is granted by 28 U.S.C. § 1367.

7. All conditions precedent, including the EEOC Right to Sue, have been satisfied. EXHIBIT A

## OPERATIVE FACTS

8. Plaintiff was hired on or about August 15, 2016 by Defendant, CNO Financial Group, Inc.'s office located at 399 Market St, Philadelphia, PA 19181.

9. Plaintiff started to notice bug bites on her body on or about March 1, 2017.

10. During the same time frame, four other co-workers of Plaintiff whose desks were located close to Plaintiff also experienced bug bites on their bodies. Terrence Pierce indicated in a conversation that her whole body was bitten. Montez Petrose was bitten on his arm as indicated through email conversation. Shayna Whitehead was bitten on her ankle. Jevena Wright was also bitten on her chest.

11. On or about April 3, 2017, Plaintiff filed a complaint with Occupational Safety and Health Administration (OSHA) regarding existence of bugs in the office place. EXHIBIT B

12. On or about March 16, 2017, Plaintiff visited Dr. Benson Naiema who prescribed medical leave for Plaintiff from March 13, 2017 until March 27, 2017. EXHIBIT C

13. Plaintiff was in contact with Defendants during her medical leave.

14. Plaintiff was in contact with co-worker, David Noyle regarding transferring her team and Plaintiff was supposed to meet with David Noyle after her return from medical leave. EXHIBIT D

15. Plaintiff was told by her supervisor, John Wheatbe to come back to work once Plaintiff's body would be cleared from bites.

16. Plaintiff was instructed by her supervisors, John Wheatbe and Theresa Cardwell to apply to CIGNA to get paid for her medical leave.

17. CIGNA, a life insurance company approved Plaintiff to receive her benefits only until March 17, 2017. However, Plaintiff received the notice in April 2017. EXHIBIT E

18. Based on previous conversation between Plaintiff and her supervisor, Plaintiff was supposed to get back to work upon complete clearance. Plaintiff was unable to return to the workplace on March 27, 2017 due to continuance of the bug bites experience.

19. On or about March 31, 2017, Plaintiff received a letter of employment termination signed by Defendant, David Putnam due to abandonment of her workplace from March 20 until March 23, 2017. EXHIBIT F

20. Plaintiff had a medical note for leave until March 27, 2017 and was told not to come back to work until complete clearance. There was no reasonable basis for Defendants to expect Plaintiff to come to the workplace from March 20 until March 23.

21. Plaintiff never intended to leave her workplace. Plaintiff was only on medical leave and expected to get back to work upon complete clearance of the bug bites.

22. Defendants wrongfully stated in an employment letter that Plaintiff voluntarily abandoned her job. Plaintiff expressly denied this statement and her email communication with David Noyle clearly expressed Plaintiff's intent to return to her job after medical absence.

23. Upon information and belief, all Defendants knew or should have known of ongoing wrongful termination against Plaintiff's employment.

24. As a result of the job termination Plaintiff suffered emotional distress. Plaintiff has remained in distress since termination of her employment as Plaintiff sought to resolve the impact of termination while challenging illness.

25. As a result of the weight of wrongful employment termination upon Plaintiff's shoulders, Plaintiff feels remarkably beaten down by the authority of CNO Financial Group, Inc. and David Putnam to act in violation of her civil liberties. The Defendants

have silenced her efforts at disclosure of discrimination based upon recognizable disability that has been targeted against her personhood and disability.

## COUNT I
## RETALIATION AND EMPLOYMENT DISCRIMINATION, AS AMENDED BY THE CIVIL RIGHTS ACT 1991 [Title VII]

26. Plaintiff incorporates the foregoing paragraphs as if fully set forth at length herein.

27. Defendants retaliated against Plaintiff for opposing the aforesaid actions in the workplace.

28. Plaintiff suffered harm due to Defendants' conduct.

## COUNT II
## 43 P.S. § 951, et seq. – PENNSYLVANIA HUMAN RELATIONS ACT

29. Plaintiff incorporates the foregoing paragraphs as if fully set forth at length herein.

30. Defendants' discriminatory actions aforesaid also violated the PHRA.

31. Plaintiff suffered harm due to Defendants' conduct.

## COUNT III
## WRONGFUL TERMINATION

32. Plaintiff incorporates the foregoing paragraphs as if fully set forth at length herein.

33. At all times relevant, Plaintiff was employed by Defendants.

34. As a result of the filing of the OSHA complaint, Defendants took adverse action against Plaintiff, namely firing Plaintiff, as a punitive measure for filing a OSHA claim despite Plaintiff's willingness to continue the job.

35. The adverse action, Defendant firing Plaintiff, is a violation of the public policy exception to at-will employment, set forth in Shick v. Shirey Lumber, 552 Pa. 590 (Pa. 1998).

36. As a result of Defendant's actions, Plaintiff has sustained damages, as set forth above.

**WHEREFORE,** Plaintiff respectfully requests this Honorable Court enter judgment in her favor and against Defendants, individually, jointly and/or severally, in an amount in excess of $75,000, plus such other and further relief as this Honorable Court deems necessary and just, and to Order the following relief:

        a.  Statutory damages;

        b.  Punitive damages;

        c.  Compensatory damages, including;

            i.  Actual damages for financial and physical injuries, and emotional distress;

        d.  Attorneys' fees and expenses, costs of suit, and equitable relief;

Respectfully Submitted,

WEISBERG LAW

BY:  /s/ Matthew Weisberg
MATTHEW B. WEISBERG, ESQ
DATED: 9-19-17

SCHAFKOPF LAW, LLC

BY: _Gary Schkopf_
GARY SCHAFKOPF, ESQ.
DATED: 9-19-17

# EXHIBIT A

# EXHIBIT B

**U.S. Department of Labor**
Occupational Safety and Health Administration

# Whistleblower Case Activity Worksheet

Note: A separate worksheet form must be completed for each complainant.

| Case Type: | ☒OSHA | ☐ACA | ☐SPA | ☐FSMA | ☐CFPA | | |
|---|---|---|---|---|---|---|---|
| ☐STAA | ☐AHERA | ☐ISCA | ☐SDWA | ☐FWPCA | ☐TSCA | ☐SWDA | ☐CAA |
| ☐CERCLA | ☐ERA | ☐AIR21 | ☐SOX | ☐PSIA | ☐FRSA | ☐NTSSA | ☐CPSIA |
| Statutory Implications: | | ☐OSHA | ☐ACA | ☐SPA | ☐FSMA | ☐CFPA | |
| ☐STAA | ☐AHERA | ☐ISCA | ☐SDWA | ☐FWPCA | ☐TSCA | ☐SWDA | ☐CAA |
| ☐CERCLA | ☐ERA | ☐AIR21 | ☐SOX | ☐PSIA | ☐FRSA | ☐NTSSA | ☐CPSIA |

## Complainant Information

| Last | First | Middle |
|---|---|---|
| Beck | Muriel | |

| Address | | |
|---|---|---|
| 1929 Sansom Street | | |

| City | State | Zip |
|---|---|---|
| Philadelphia | PA | 19103 |

| Phone 1 | Email |
|---|---|
| (215) 839-2180 | murielbeck@msn.com |

| Phone 2 | |
|---|---|

| Phone 3 | |
|---|---|

## Respondent Information

| Name | ☒Company ☐Individual |
|---|---|
| CNO Financial | |

| Address | | |
|---|---|---|
| 399 Market Street | | |

| City | State | Zip |
|---|---|---|
| Philadelphia | PA | 19181 |

| Phone 1 | Email |
|---|---|

| Phone 2 | |
|---|---|

| Phone 3 | |
|---|---|

| # of employees | Unionized? |
|---|---|

Summary of the alleged retaliation (protected activity, respondent knowledge, adverse action, nexus)
Complainant alleges on or around March 13, 2017, she notified Respondent that she was bitten by bed bugs at work. That same day, she provided Respondent a medical note from her doctor which stated she could not return to work because of the bed bugs. Complainant further alleges during the time she was off work because of the bed bugs she maintained regular communication with Respondent, regarding the status of her injury and in order to complete all the necessary paperwork (incident report, insurance forms, and workers' compensation claim).

Complainant was terminated on April 3, 2017 for job abandonment. According to Complainant, Respondent terminated her for failing to call out of work from March 20 to March 23, 2017. Complainant asserts she had a medical note placing her on leave those days and that she informed Respondent of the medical note and that she was to be off work. Complainant further asserts she was in regular contact with Respondent on the days in question and that at no time was she told she must also call out, in addition to letting Respondent know she had the medical note excusing her from work. Complainant asserts she was terminated in retaliation for engaging in the legally protected activity of notifying Respondent management of bed bugs at her work area.

| I certify that the complaint was filed on | 4/3/2017 |
|---|---|
| | (date) |

Print Name: Amy Bailey

| Signature | Title | Date |
|---|---|---|
| *Amy Bailey* | Regional Investigator | 4/10/2017 |

For local use 3-6540-17-037

OSHA-87 (rev. 07/2011)

U.S. DEPARTMENT OF LABOR
OCCUPATIONAL SAFETY AND HEALTH ADMINISTRATION

## DESIGNATION OF REPRESENTATIVE

| | |
|---|---|
| Muriel Beck | |
| v. | Case Number: 3-6540-17-037 |
| CNO Financial | |

TO:  Jack Rudzki
U.S. Department of Labor - OSHA
1000 Liberty Avenue, Room 905
Pittsburgh, PA  15222
Telephone:  (724) 285-3444
E-mail:  Rudzki.Jack@dol.gov

The undersigned hereby enters his/her appearance as representative of:

_____

in the above captioned matter:

| | Representative's Address and ZIP Code |
|---|---|
| _____ | |
| Signature of Representative | |
| _____ | |
| Type or Print Name | |
| _____ | Area Code    Telephone Number |
| Title | E-mail address: _____ |
| _____ | |
| Date | |

**U.S. Department of Labor**     Occupational Safety and Health Administration
The Curtis Center, Suite 740 West
170 S. Independence Mall West
Philadelphia, PA  19106-3309
Telephone: (215) 861-4900
Fax:        (215) 861-4904



**SENT VIA UPS** 1ZX1053W0291228718

April 17, 2017

Muriel Beck
1929 Sansom Street
Philadelphia, PA  19103

Re: CNO Financial/Beck/3-6540-17-037

Dear Ms. Beck:

This letter acknowledges receipt of your whistleblower retaliation complaint filed under Section 11(c) of the Occupational Safety and Health Act (OSHA), 29 U.S.C. §660, which was filed on April 3, 2017 against CNO Financial (Respondent).

The Occupational Safety and Health Administration (OSHA) is responsible for enforcing the whistleblower provisions of Section 11(c) of the OSH Act, and will conduct its investigation following the procedures outlined in 29 CFR Part 1977.  You may obtain a copy of the pertinent statute and regulations at:  http://www.whistleblowers.gov.  Upon request, a printed copy of these materials will be mailed to you.

Under these procedures, OSHA will disclose to the parties information relevant to the resolution of the case as well as provide all parties an opportunity to fully respond.  As such, both you and Respondent will receive a copy of each other's submissions to OSHA that are responsive to the above referenced whistleblower complaint.  We have notified Respondent of the filing of this complaint and provided Respondent with a copy.

*Per Presidential Memorandum – Managing Government Records, we request that any future documents you submit to OSHA be submitted electronically, if possible, using the investigator's email address of rudzki.jack@dol.gov, and that whatever you submit to OSHA, you also send a copy to Respondent at the address below:*

> CNO Financial
> 399 Market Street
> Philadelphia, PA  19181

If the information provided contains personal, identifiable information about individuals other than you, such information, where appropriate, will be redacted before disclosure.  OSHA may contact the party directly for the un-redacted copy, if necessary.

Attention is called to your right and the right of any party to be represented by counsel or other representative in this matter.  In the event you choose to have a representative appear on your

behalf, please have your representative complete the Designation of Representative form enclosed and forward it promptly.

**The DOL/OSHA official identified below will serve as your initial point of contact in this matter. Please direct all initial communications and submissions to:**

**Initial Point of Contact:**          Jack Rudzki, Regional Supervisory Investigator
                                        USDOL/ OSHA
                                        1000 Liberty Avenue, Room 905
                                        Pittsburgh, PA  15222
                                        (724) 285-3444
                                        E-mail:  Rudzki.Jack@dol.gov

In the interim, please save any evidence bearing on the complaint, such as notes, minutes, letters, or check stubs, etc., and have them ready when the investigator meets with you.  It will be helpful for you to write down a brief factual account of what happened and to prepare a list of the names, addresses, and telephone numbers of the potential witnesses, together with a brief summary of what each witness should know.

The OSHA Whistleblower Protection Program works diligently to ensure the protection of worker rights and strives to ensure complaints are investigated in a diligent and timely manner. Due to the volume of complaints received, however, there may be a delay in processing. Your complaint will be assigned for investigation and appropriately scheduled as promptly as possible.

You are expected to cooperate in the investigation of your complaint and failure to do so may cause your complaint to be dismissed.  Voluntary adjustment of complaints can be effected by way of a settlement agreement at any time.

Sincerely,

*Tony Boling* on behalf of

Celmouth A. Stewart, Jr.
Assistant Regional Administrator
Whistleblower Protection Program

Enclosures:     (1) Designation of Representative
                (2) "What to expect during an OSHA Whistleblower Investigation"
                (3) Copy of Complaint

# EXHIBIT C



# Beck, Muriel

55 Y old Female, DOB: 09/01/1961
1929 Sampson Street, Apt 705, Philadelphia, PA 19103
Home: 267-973-0626
Provider: Benson, Naiema, DO

**Telephone Encounter**

**Answered by**   Benson, Naiema                    Date: 03/16/2017
                                                    Time: 03:49 PM

**Reason**        return to work

**Message**       This is to certify that patient noted above is a patient in our practice. She was seen in our office for:
                  acute medical condition related to bug bites. Missed work on the following date(s): 3/13/17–
                  3/24/17 and is able to return to work without restrictions on: 3/27/17. Greenhouse Internists,

                  345 E Mt Airy Avenue, Philadelphia, PA 19119

                  _Benson DO_

Patient: Beck, Muriel   DOB: 09/01/1961   Provider: Benson, Naiema, DO   03/16/2017

_Note generated by eClinicalWorks EMR/PM Software (www.eClinicalWorks.com)_



Cigna Leave Solutions
Claims Service Center
P.O. Box 703509
Dallas, TX 75370

Muriel Beck
1929 Sansom Street #705
Philadelphia, PA 19103



# EXHIBIT D

Mail - murielbeck@msn.com

Page 1 of 1

### Outlook Mail

muriel .

Search Mail and People

New |     Delete     Archive   Junk |   Sweep   Move to   Categories

**Folders**

Inbox                240

Junk Email

Drafts

Sent Items

Deleted Items       169

Archive

unprofessional conduct.

M   muriel . <murielbeck@msn.com>                                    |
Mon 3/3, 9:05 PM

this is a response i received from david noyle on march 30th so why
would i need to call out if i am on a leave no one told me that I
needed to call out this is how poorly your department is ran ... no one
knows what they are doing so it is all part of the information needed
to show I was wrongfully terminated to my lawyer. I did contact OSHA
as well they indicated I had 30 days  to contact them if i was
terminated for contacting them for the bed bug issue.

Good Day!

muriel beck

ND   Noyle, David <dnoyle@Colpenn.com>                              |
Thu 3/30, 2:07 V

Muriel,

Focus on your health and I will be happy to meet with you & Team post your
return.

Thanks.

David

M   muriel . <murielbeck@msn.com>            ^  🖪  🖼   Reply |
Mon 3/27, 10:04 PM

dnoyle@Colpenn.com

hello

I was inquiring about making a change in teams moving forward. I
wasn't sure if anyone has every requested to move to another team.
John is not a professional supervisor he is very rude and calls you in
after every call because he doesn't think it went well. My last
interaction with him was March 9th. I had a customer who I
successfully sent out a policy for two units. He always indicates
it should be more and I wasn't sure if he was listening to the correct
person because he indicated to me that I was saying "I recommend a
certain number of units" I always say "our best selling package is 6
units for $59.70. He said I am not consistent with the calls. This is
untrue because I don't say that in my presentation. The biggest
complaint I have against him at this time is he keeps calling me by the
wrong name. MILDRED. I have indicated to him several times that is
not my name it is a ugly name and after being employed under his
leadership he should have my name correct. When I told him this he
said he is only human. The same way he indicates i should have been
doing better in sales after 4 months, I told him he should have my
name correct.  I indicated many times that sales was not my strong
point but I was still doing the job and was getting better and better
with each call. He raised the goal on his own accord to $25,000 so we
could meet goal and exceed. It is very stressful under his command,
and this is one of the reasons I am not feeling well enough to return at
this time. I am still waiting for the paperwork to be processed and
completed for the time off for my illness. Gia White decides to tell me
that OSHA was at my desk with some type of machine and said they
didn't find anything. That there no was bugs at my desk. (There is 5
other people in on that floor that indicated to me that they were
bitten.) She said that I would not be compensated because I didn't
make goal and she worked in worker compensation and it looks like I
just don't want to work. It was a horrible conservation.

Upgrade to Premium

## Outlook Mail

muriel .

Search Mail and People

◯ New |    Delete    Archive   Junk |   Sweep

### Folders

| | |
|---|---|
| Inbox | 213 |
| Junk Email | 160 |
| Drafts | |
| Sent Items | |
| Deleted Items | 39 |
| Archive | |

## Your Whistleblower Complaint:   1
## CNO Financial/Beck/3-6540-17-
## 037

BO   **Bailey, Amy - OSHA <Bailey.Amy@dol.gov>**

⌃   ▤   ◎   Reply |

Fri 4/7, 2:28 PM
You

3-6540-17-037 - Beck 1...
Saved to Email attachments

Download    Saved to Email attachments

Dear Ms. Beck:

Please refer to the attached letter, regarding the
Whistleblower complaint you filed with OSHA on April 4,
2017.

Sincerely,
Amy Bailey

**Amy Bailey**
Regional Investigator –Region III
U.S. Department of Labor –OSHA
Philadelphia Area Office
The Wanamaker Building
100 Penn Square East, Suite 1240
Philadelphia, PA 19107
Ph: 215-597-5187
Cell Phone: 215-678-3130
Fx: 215-597-1956
E: bailey.amy@dol.gov

Upgrade to Premium

# EXHIBIT E



**CIGNA**

STD Case Manager: Kelly Hess
Phone: 800.352.0611 ext. 86355

04/11/2017

Muriel Anne Beck
1929 Sansom Street #705
Philadelphia, PA 19103

Plan/Policy Number: SHD962159
Plan/Policyholder: CNO Services, LLC
Administered by: Life Insurance Company of North America

STD Incident #: 10266624

Re: Leave Status Determination – 669230069578

Dear Muriel Anne Beck:

We received your leave of absence request for Work Related Illness/Injury.

The following decision has been made for your leave request:



| Plan | Absence Type | From | Through* | Status | Reason |
|------|-------------|------|----------|--------|--------|
| FMLA | Continuous Leave | 03/13/2017 | 03/17/2017 | Ineligible | 12 Non-Continuous Months of Service by Leave End Not Met |
| Med Non FML LOA | Continuous Leave | 03/13/2017 | 03/17/2017 | Approved | |
| STD | Continuous Leave | 03/13/2017 | 03/17/2017 | Denied | Denied |

*If you did not know your leave end date when you filed your leave, the "Through" date listed above is a default date.

| Plan | Time Used as of *03/17/2017 * | Time Remaining as of *03/17/2017 * |
|------|------------------------------|-----------------------------------|
| FMLA | 0 hour(s) / 0 week(s) | 480 hour(s) / 12 week(s) |
| Med Non FML LOA | 5 calendar day(s) | 55 calendar day(s) |
| STD | | |

*Time Used and Remaining are based on your work schedule at the time you filed your leave. This includes time used in this leave and any other leave within the current leave period. These reflect only the time reported to date and may be subject to change.

You will receive information regarding your STD claim denial under separate cover.

All Cigna products and services are provided exclusively by or through operating subsidiaries of Cigna Corporation, including Life Insurance Company of North America, Cigna Life Insurance Company of New York, and Connecticut General Life Insurance Company. The Cigna name, logo, and other Cigna marks are owned by Cigna Intellectual Property, Inc.

Your coverage for this leave under Federal and/or State FML laws and/or a company leave policy is currently scheduled to end on 03/17/2017. If you need to apply for an extension of your leave, please contact us at the number shown above. In addition, you should inform your manager that you are applying for an extension. If you are not approved for an extension, you will need to contact your HR Generalist to discuss your return to work or other leave options that might be available to you. If you do not have contact information, you may email LeaveofAbsence@cnoinc.com.

Provided there is no change in your anticipated leave schedule, you will use 0.00 hours of Federal leave entitlement as of the end date of this leave. Please be advised that any additional time reported for this leave and any other open leaves will also be counted towards the available hours remaining.

Your coverage for this leave under Federal and/or State FML laws and/or a company leave policy is currently scheduled to end on 03/17/2017. If you need to apply for an extension of your leave, please contact us at the number shown above. In addition, you should inform your manager that you are applying for an extension. If you are not approved for an extension, you will need to contact your HR Generalist to discuss your return to work or other leave options that might be available to you. If you do not have contact information, you may email LeaveofAbsence@cnoinc.com.

You will need to have your Health Care Provider complete a note releasing you to return to work in accordance with your company policy and present to your manager on the day you return to work.

Your request for leave has been approved as outlined above per your company's leave policy. If the circumstances or dates of your leave change, you will need to contact both your manager and CIGNA Leave Solutions®.

If you are eligible for a CNO Company Leave, please be aware that these leaves are not job protected. CNO will make every effort to return you from an approved leave to your previous position; however, such a determination cannot be guaranteed and will be made based upon business needs. CNO will inform you of any change that may impact your employment with the company.

To view your leave information, please log on to www.mycigna.com, and then click on the "Manage Claims and Balances" tab. On this page, you will find a link to your leave of absence self-service tools.

If you have any questions, please call us at 800.352.0611 regarding Short Term Disability benefits or status or at 888.842.4462 Ext 5663 regarding other leaves, including Family Medical Leave.

Sincerely,

CIGNA Leave Solutions®


Enclosures:
No Enclosures

All Cigna products and services are provided exclusively by or through operating subsidiaries of Cigna Corporation, including Life Insurance Company of North America, Cigna Life Insurance Company of New York, and Connecticut General Life Insurance Company. The Cigna name, logo, and other Cigna marks are owned by Cigna Intellectual Property, Inc.

# EXHIBIT F

 **CNO FINANCIAL GROUP**

11825 N. Pennsylvania Street
Carmel, IN 46032

CNOinc.com

March 31, 2017

Muriel Beck
1929 Sansom St, #705
Philadelphia, PA 19103

Dear Muriel,

Your employment with CNO is being voluntarily terminated as of March 24, 2017 for job
abandonment as a result of not calling out or coming into work March 20 – March 23. Your final
pay will be processed for the March 24, 2017 pay date. Included with this letter is an information
document covering benefits, etc regarding your separation of employment.

Regards,

David Putnam
Manager, Human Resources