## IN THE UNINTED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MURIEL BECK** | : | |
| 1929 Sansom St., No. 705 | : | |
| Philadelphia, PA 19103 | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | No.: 17-04300 |
| | : | |
| **CNO FINANCIAL GROUP, INC.** | : | |
| d/b/a **CNO FINANCIAL GROUP** | : | |
| f/d/b/a **CNO SERVICES, LLC** | : | |
| f/d/b/a **BANKERS LIFE &** | : | |
| **CASUALTY CO.** | : | |
| 11825 N. Pennsylvania St. | : | |
| Cannel, IN 46032 | : | |
| | : | |
| And | : | **JURY OF TWELVE (12) JURORS** |
| | : | **DEMANED** |
| **CNO SERVICES, LLC** | : | |
| d/b/a **CNO FINANCIAL GROUP** | : | |
| f/d/b/a **CNO FINANCIAL GROUP, INC**: | | |
| f/d/b/a **BANKERS LIFE &** | : | |
| **CASUALTY CO.** | : | |
| 11825 N. Pennsylvania St. | : | |
| Cannel, IN 46032 | : | |
| | : | |
| And | : | |
| | : | |
| **BANKERS LIFE & CASUALTY CO.** | : | |
| d/b/a **CNO SERVICES, LLC** | : | |
| f/d/b/a **CNO FINANCIAL GROUP** | : | |
| f/d/b/a **CNO FINANCIAL GROUP, INC**: | | |
| 111 East Wacker Drive, Suite 2100 | : | |
| Chicago, IL 60601 | : | |
| | : | |
| And | : | |
| | : | |
| **JOHN DOES 1-10** | : | |
| | : | |
| Defendants. | : | |

## SECOND AMENDED
## CIVIL ACTION COMPLAINT

### I.   JURISDICTION & VENUE

1.      Jurisdiction in this Honorable Court is based diversity jurisdiction conferred by 28

U.S.C. § 1332; supplemental jurisdiction over state law claims is granted by 28 U.S.C. §

1367(a).

2.      Venue is proper in the in this District as the occurrences that give rise to the cause of

action took place within this District.

### II.   PARTIES

3.      Plaintiff, Muriel Beck is an adult individual residing at the above-captioned address.

Plaintiff is a citizen of Pennsylvania.

4.       Defendant, CNO Financial Group, Inc. doing business as CNO Financial Group

further doing business as CNO Services, LLC further doing business as Bankers Life and

Casualty Co. is an incorporated entity existing by virtue of and operating under the State of

Delaware, with its main headquarters at the above-captioned address. Upon information and

belief, Defendant, CNO Financial Group, Inc. is a citizen of Delaware.

5.      Defendant, CNO Services, LLC doing business as CNO Financial Group further

doing business as Bankers Life & Casualty Co. further doing business as CNO Financial

Group, Inc. is a limited liability corporation existing by virtue of and operating under the

State of Indiana, with its main headquarters at the above-captioned address. Defendant,

CNO Services, LLC is a subsidiary of Defendant, CNO Financial Group, Inc. Upon

information and belief, Defendant, CNO Services, LLC is a citizen of Indiana.

6.      Defendant, Bankers Life & Casualty Co doing business as CNO Services, LLC doing

business as CNO Financial Group further doing business as CNO Financial Group, Inc. is a

private company operating under the State of Illinois, with its main headquarters at the above-captioned address. Defendant, Bankers Life & Casualty Co is a subsidiary of Defendant, CNO Services, LLC. Upon information and belief, Defendant, Bankers Life & Casualty Co is a citizen of Illinois.

7.      Defendants, John Does 1-10, is a moniker/fictitious name for individuals and entities currently unknown but will be substituted when known, as affiliated, associated or liable hereunder for the reasons set forth below or inferred therefrom. Each of these parties are incorporated as Defendants in each and every count and averment listed above and below.

## III.    OPERATIVE FACTS

8.      Defendant, Bankers Life & Casualty Co doing business as CNO Services, LLC doing business as CNO Financial Group, Inc. ("CNO") hired Plaintiff on or about August 15, 2016 to work at CNO's Philadelphia call center.

9.      On or about March 1, 2017, Plaintiff noticed numerous bug bites on her body.

10.     At or about this same time, Plaintiff's four co-workers, non-parties, Terrence Pierce, Montez Petrose, Shayna Whitehead, Cyvanne Miller, and Jevena Wright – all who sit in the same area as Plaintiff – also found numerous bug bites all over their bodies.

11.     Upon information and belief, CNO's Philadelphia call center has such significant problems with mice, bugs, and other pests that it contracts Terminix to treat the call center every 30 days - rather than incurring significant costs to fix the underlying causes allowing the pests into the call center.

12.     On or about March 13, 2017, as a result of numerous employees suffering from bed bug bites in their office space, Plaintiff filed a complaint with the Occupational Safety and Health Administration ("OSHA") regarding existence of bed bugs in the office place on or

about March 13, 2017. Plaintiff also complained of the significant, ongoing mouse droppings in CNO's Philadelphia call center.

13.     Plaintiff visited her doctor, Dr. Benson Naiema, who directed Plaintiff take medical leave for two weeks, from March 13, 2017 until March 27, 2017.

14.     Per Defendant's policy, Plaintiff must notify her supervisor of her absence in advance, which Plaintiff did and her supervisor approved.

15.     At all material times, Plaintiff was in contact with Defendant, CNO during her medical leave.

16.     In fact, Plaintiff's supervisor, non-party, John Wheatbe told Plaintiff to take all necessary time to allow Plaintiff's body to recover from the bug bites before returning to work, i.e. when Plaintiff had completely cleared of the symptoms.

17.     Plaintiff's supervisor, John Wheatbe communicated to Plaintiff that she was approved for medical leave until she was able to return.

18.     However, as Plaintiff was an hourly worker, she would not receive wages during her medical leave unless CNO's third-party carrier, CIGNA approved.

19.     As such, Plaintiff applied for partial unemployment compensation, which she was ultimately approved for.

20.     Based on this conversation with Plaintiff's supervisor, non-party, John Wheatbe, Plaintiff did not return to work on March 27, 2017 as her bug bites had not cleared.

21.     However, upon information and belief, CNO received notice of Plaintiff's OSHA complaint and was angered as OSHA communicated its intent to investigation the conditions of CNO's Philadelphia call center.

22.     Further, upon information and belief, CNO received notice of Plaintiff's partial

unemployment compensation and was angered.

23.     As a result, on or about March 31, 2017, Plaintiff received an employment-termination letter from Defendant, CNO for "abandonment" of her work from March 20, 2017 until March 23, 2017. *See* Exhibit A.[1]

24.     However, as Defendant, CNO had acknowledge Plaintiff's doctor-approved medical leave was through March 27, 2017 and had affirmatively communicated to Plaintiff (1) such time was approved; and (2) to take any extra time needed to complete the recovery, Defendant, CNO had no basis to conclude that Plaintiff had abandoned her workplace.

25.     Upon information and belief, Defendant, CNO retaliated against Plaintiff because she filed a complaint with OSHA regarding the bug bites and for filing a partial unemployment compensation claim.

26.     Due to CNO's false allegation that Plaintiff abandoned her employment and was terminated as a result on March 23, 2017, Plaintiff was only awarded partial unemployment compensation through March 23, 2017 on the theory that Plaintiff "quit" her employment.

27.     Thus, through terminating Plaintiff on false grounds, CNO successfully limited the unemployment compensation provided to Plaintiff (and thus limited their unemployment insurance costs).

28.     On or about April 3, 2017, Plaintiff filed a whistleblower complaint with OSHA pursuant to the whistleblower protection provisions of the Occupational Safety and Health Act, i.e. 29 U.S.C. § 660(c).

29.     CNO terminated Plaintiff, *inter alia,* in violation of Pennsylvania public policy as articulated in in 35 PS Health & Safety § 7313. *See Wetherhold v. Radioshack Corporation,*

---

[1]     The March 31, 2017 termination letter is on CNO Financial Group, Inc.'s letter head. *See* Exhibit A (noting the company's name and website).

EDPA No. 04-cv-1889 (finding that a retaliatory termination as a result of an OSHA Complaint, violates Pennsylvania public policy as articulated in 35 PS Health & Safety § 7313).

30.    It is a violation of the public policy of the Commonwealth of Pennsylvania to terminate an employee due to that employee filing a complaint with OSHA.

31.    The workplace safety rules and regulations enforced by OSGA essentially mirror similar workplace safety policies promulgated under the Pennsylvania Department of Labor and Industry and the Pennsylvania Health and Safety Act.

32.    Plaintiff believes, and therefore avers, that by filing a complaint with OSHA, she was in effect taking action that had the effect of protecting the workplace safety policies of the Commonwealth of Pennsylvania.

33.    Plaintiff believes, and therefore avers, that the same initial complaint filed with OSHA could have been filed with the Pennsylvania Department of Labor and Industry because the state law expressed in the Pennsylvania Health and Safety Act reflects the same public policy expressed by the federal government under OSHA.

34.    Plaintiff has a right, granted by the Commonwealth of Pennsylvania, to receive unemployment compensation.

35.    It is a violation of the public policy of the Commonwealth of Pennsylvania to terminate an employee due to that employee filing a claim for unemployment compensation. *See Highhouse v. Avery Transp.*, 443 Pa.Super. 120, 127 (1995) (holding that "that if the appellee-employer discharged appellant because he had made a claim for unemployment compensation during a period when he was not working and earning income, the discharge will constitute a violation of public policy and will support a tort claim for wrongful discharge").

36.    CNO terminated Plaintiff, *inter alia,* in violation of Pennsylvania public policy in

retaliation for Plaintiff filing a partial unemployment compensation claim.

37.     As a result of the wrongful termination, Plaintiff suffered emotional distress. Plaintiff

has remained in distress since termination of her employment as Plaintiff sought to resolve

the impact of termination while challenging illness.

38.     Plaintiff has been unable to gain equivalent employment.

**IV.    COUNTS OF ACTION**

**COUNT I**
**Violation of Pennsylvania Public Policy**

39.     Plaintiff incorporates the foregoing paragraphs as if fully set forth at length herein.

40.     CNO terminated Plaintiff, *inter alia,* in retaliation for Plaintiff appropriately filing a

complaint with OSHA.

41.     CNO terminated Plaintiff, *inter alia,* in retaliation for Plaintiff appropriately filing a

partial unemployment compensation claim.

42.     CNO's termination of Plaintiff was in violation of the public policy of the

Commonwealth of Pennsylvania.

43.     As a result of CNO's wrongful termination, Plaintiff has been financially and

emotionally damaged; such damages are ongoing.

**V.    PRAYER FOR RELIEF**

     **WHEREFORE**, Plaintiff respectfully requests this Honorable Court enter judgment

in her favor and against Defendants, individually, jointly and/or severally, in an amount in

excess of $75,000, including compensatory and punitive damages, attorneys' fees and

expenses, costs of suit, and any such other and further relief as this Honorable Court

deems necessary and just including equitable relief.

Respectfully submitted,

**WEISBERG LAW**                          **SCHAFKOPF LAW, LLC**

*/s/ Matthew B. Weisberg*                 */s/ Gary Schafkopf*
Matthew B. Weisberg, Esquire             Gary Schafkopf, Esquire
Attorney Id. No.: 85570                   Attorney Id. No.: 83362
L. Anthony DiJiacomo III, Esquire         11 Bala Ave
Attorney Id. No.: 321356                  Bala Cynwyd, PA 19004
7 South Morton Ave.                       610-644-5200 Ext. 104
Morton, PA                                Fax: 888-238-1334
610-690-0801
Fax: 610-690-0880                         *Attorneys for Plaintiff*

**IN THE UNITED STATES DISTRICT COURT FOR THE**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **MURIEL BECK** | : |
| 1929 Sansom St., No. 705 | : |
| Philadelphia, PA 19103 | : |
| | : |
| v. | :   No.: 17-04300 |
| | : |
| **CNO FINANCIAL GROUP, INC.**, et al.: | |
| 11825 N. Pennsylvania St. | : |
| Cannel, IN 46032 | : |

## **CERTIFICATE OF SERVICE**

I, Matthew B. Weisberg, Esquire, hereby certify that on this 2nd day of February, 2018, a

true and correct copy of the foregoing Plaintiff's Second Amended Civil Action Complaint was

served via ECF upon the following party:

William J. Leahy, Esq.
Denise M. Maher, Esq.
Littler Mendelson, P.C.
Three Parkway
1601 Cherry St., Ste. 1400
Philadelphia, PA 19102-1321

**WEISBERG LAW**                                            **SCHAFKOPF LAW, LLC**

/s/ Matthew Weisberg                                        /s/ Gary Schafkopf
Matthew Weisberg, Esquire                                Gary Schafkopf, Esquire
L. Anthony DiJiacomo, III, Esquire                   *Attorneys for Plaintiffs*