## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MURIEL BECK** | : | |
| 1929 Sansom St., No. 705 | : | |
| Philadelphia, PA 19103 | : | |
| | : | |
| v. | : | No.: 17-04300 |
| | : | |
| **CNO FINANCIAL GROUP, INC.**, et al. | : | |
| 11825 N. Pennsylvania St. | : | |
| Cannel, IN 46032 | : | |

## <u>ORDER</u>

   AND NOW this _____ day of _____, 2018, upon consideration of

Defendant, CNO Financial Group, Inc.'s Motion to Dismiss Plaintiff, Muriel Beck's Second

Amended Complaint, and Plaintiff's Response in Opposition thereto, it is hereby ORDERED and

DECREED that Defendant's Motion to Dismiss is DENIED.

   It is further ORDERED and DECREED that Defendant, CNO Financial Group, Inc. shall

file an Answer to Plaintiff's Second Amended Complaint within 20 days of this Order.

   **AND IT IS SO ORDERED.**


                                          _____
                                                                        ,J.

## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MURIEL BECK** | : | |
| 1929 Sansom St., No. 705 | : | |
| Philadelphia, PA 19103 | : | |
| | : | |
| v. | : | No.: 17-04300 |
| | : | |
| **CNO FINANCIAL GROUP, INC.**, et al. | : | |
| 11825 N. Pennsylvania St. | : | |
| Cannel, IN 46032 | : | |

### PLAINTIFF, MURIEL BECK'S RESPONSE IN OPPOSITION TO DEFENDANT, CNO FINANCIAL GROUP, INC.'S MOTION TO DISMISS

Plaintiff, Muriel Beck, by and through her undersigned attorneys, hereby incorporates by reference her attached Memorandum of Law as if set forth at length herein. For the reasons set forth in the attached Memorandum of Law, Plaintiff respectfully requests this Honorable Court deny Defendant, CNO Financial Group, Inc.'s Motion to Dismiss Plaintiff's Second Amended Complaint and enter the attached Order.

**WHEREFORE,** Plaintiff, Muriel Beck, by and through her undersigned attorneys, respectfully requests this Honorable Court deny Defendant's Motion to Dismiss Plaintiff's Second Amended Complaint and enter the proposed Order attached hereto.

**WEISBERG LAW**

*/s/ Matthew B. Weisberg*
Matthew B. Weisberg
Attorney Id. No.: 85570
L. Anthony DiJiacomo, III
Attorney Id. No.: 321356
7 South Morton Ave.
Morton, PA 19070
610-690-0801
Fax: 610-690-0880

**SCHAFKOPF LAW, LLC**

*/s/ Gary Schafkopf*
Gary Schafkopf
Attorney ID No. 83362
11 Bala Ave
Bala Cynwyd, PA 19004
610-664-5200 Ext 104
Fax: 888-283-1334

*Attorneys for Plaintiffs*

## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MURIEL BECK** | : | |
| 1929 Sansom St., No. 705 | : | |
| Philadelphia, PA 19103 | : | |
| | : | |
| v. | : | No.: 17-04300 |
| | : | |
| **CNO FINANCIAL GROUP, INC.**, et al. | : | |
| 11825 N. Pennsylvania St. | : | |
| Cannel, IN 46032 | : | |

### PLAINTIFF, MURIEL BECK'S MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT, CNO FINANCIAL GROUP, INC.'S MOTION TO DISMISS

Plaintiff, Muriel Beck, by and through her undersigned attorneys, hereby provides her Memorandum of Law in Support of her Response in Opposition to Defendant, CNO Financial Group, Inc.'s ("CNO") Motion to Dismiss Plaintiff's Second Amended Complaint ("Pl. Sec. Amend. Comp.")

### I.    OPERATIVE FACTS

Defendant, CNO hired Plaintiff on or about August 15, 2016 to work at CNO's Philadelphia call center. *See* Pl. Sec. Amend. Comp., ¶ 8.

On or about March 1, 2017, Plaintiff noticed numerous bug bites on her body. *See* Pl. Sec. Amend. Comp., ¶ 9. At or about this same time, Plaintiff's four co-workers, non-parties, Terrence Pierce, Montez Petrose, Shayna Whitehead, Cyvanne Miller, and Jevena Wright – all who sit in the same area as Plaintiff – also found numerous bug bites all over their bodies. *See* Pl. Sec. Amend. Comp., ¶ 10. Upon information and belief, CNO's Philadelphia call center has such significant problems with mice, bugs, and other pests that it contracts Terminix to treat the call center every 30 days - rather than incurring significant costs to fix the underlying causes

allowing the pests into the call center. *See* Pl. Sec. Amend. Comp., ¶ 11.

On or about March 13, 2017, as a result of numerous employees suffering from bed bug bites in their office space, Plaintiff filed a complaint with the Occupational Safety and Health Administration ("OSHA") regarding existence of bed bugs in the office place on or about March 13, 2017. *See* Pl. Sec. Amend. Comp., ¶ 12. Plaintiff also complained of the significant, ongoing mouse droppings in CNO's Philadelphia call center. *Id.*

Plaintiff visited her doctor, Dr. Benson Naiema, who directed Plaintiff take medical leave for two weeks, from March 13, 2017 until March 27, 2017. *See* Pl. Sec. Amend. Comp., ¶ 13. Per Defendant's policy, Plaintiff must notify her supervisor of her absence in advance, which Plaintiff did and her supervisor approved. *See* Pl. Sec. Amend. Comp., ¶ 14.

At all material times, Plaintiff was in contact with Defendant, CNO during her medical leave. *See* Pl. Sec. Amend. Comp., ¶ 15. In fact, Plaintiff's supervisor, non-party, John Wheatbe told Plaintiff to take all necessary time to allow Plaintiff's body to recover from the bug bites before returning to work, i.e. when Plaintiff had completely cleared of the symptoms. *See* Pl. Sec. Amend. Comp., ¶ 16. Plaintiff's supervisor, John Wheatbe communicated to Plaintiff that she was approved for medical leave until she was able to return. *See* Pl. Sec. Amend. Comp., ¶ 17.

However, as Plaintiff was an hourly worker, she would not receive wages during her medical leave unless CNO's third-party carrier, CIGNA approved. *See* Pl. Sec. Amend. Comp., ¶ 18. As such, Plaintiff applied for partial unemployment compensation, which she was ultimately approved for. *See* Pl. Sec. Amend. Comp., ¶ 19.

Based on this conversation with Plaintiff's supervisor, non-party, John Wheatbe, Plaintiff did not return to work on March 27, 2017 as her bug bites had not cleared. *See* Pl. Sec. Amend.

Comp., ¶ 20.

However, upon information and belief, CNO received notice of Plaintiff's OSHA

complaint and was angered as OSHA communicated its intent to investigation the conditions of

CNO's Philadelphia call center. *See* Pl. Sec. Amend. Comp., ¶ 21. Further, upon information and

belief, CNO received notice of Plaintiff's partial unemployment compensation and was angered.

*See* Pl. Sec. Amend. Comp., ¶ 22.

As a result, on or about March 31, 2017, Plaintiff received an employment-termination

letter from Defendant, CNO for "abandonment" of her work from March 20, 2017 until March

23, 2017. *See* Pl. Sec. Amend. Comp., ¶ 23; *see also* Pl. Sec. Amend. Comp., Exhibit A.

However, as Defendant, CNO had acknowledge Plaintiff's doctor-approved medical leave was

through March 27, 2017 and had affirmatively communicated to Plaintiff (1) such time was

approved; and (2) to take any extra time needed to complete the recovery, Defendant, CNO had

no basis to conclude that Plaintiff had abandoned her workplace. *See* Pl. Sec. Amend. Comp., ¶

24. Upon information and belief, Defendant, CNO retaliated against Plaintiff because she filed a

complaint with OSHA regarding the bug bites and for filing a partial unemployment

compensation claim. *See* Pl. Sec. Amend. Comp., ¶ 25.

Due to CNO's false allegation that Plaintiff abandoned her employment and was

terminated as a result on March 23, 2017, Plaintiff was only awarded partial unemployment

compensation through March 23, 2017 on the theory that Plaintiff "quit" her employment. *See*

Pl. Sec. Amend. Comp., ¶ 26. Thus, through terminating Plaintiff on false grounds, CNO

successfully limited the unemployment compensation provided to Plaintiff (and thus limited their

unemployment insurance costs). *See* Pl. Sec. Amend. Comp., ¶ 27.

On or about April 3, 2017, Plaintiff filed a whistleblower complaint with OSHA pursuant

to the whistleblower protection provisions of the Occupational Safety and Health Act, i.e. 29 U.S.C. § 660(c). *See* Pl. Sec. Amend. Comp., ¶ 28.

CNO terminated Plaintiff, *inter alia*, in violation of Pennsylvania public policy as articulated in in 35 PS Health & Safety § 7313. *See* Pl. Sec. Amend. Comp., ¶ 29. It is a violation of the public policy of the Commonwealth of Pennsylvania to terminate an employee due to that employee filing a complaint with OSHA. *See* Pl. Sec. Amend. Comp., ¶ 30. The workplace safety rules and regulations enforced by OSGA essentially mirror similar workplace safety policies promulgated under the Pennsylvania Department of Labor and Industry and the Pennsylvania Health and Safety Act. *See* Pl. Sec. Amend. Comp., ¶ 31. Plaintiff believes, and therefore avers, that by filing a complaint with OSHA, she was in effect taking action that had the effect of protecting the workplace safety policies of the Commonwealth of Pennsylvania. *See* Pl. Sec. Amend. Comp., ¶ 32. Plaintiff believes, and therefore avers, that the same initial complaint filed with OSHA could have been filed with the Pennsylvania Department of Labor and Industry because the state law expressed in the Pennsylvania Health and Safety Act reflects the same public policy expressed by the federal government under OSHA. *See* Pl. Sec. Amend. Comp., ¶ 33.

Plaintiff has a right, granted by the Commonwealth of Pennsylvania, to receive unemployment compensation. *See* Pl. Sec. Amend. Comp., ¶ 34. It is a violation of the public policy of the Commonwealth of Pennsylvania to terminate an employee due to that employee filing a claim for unemployment compensation. *See* Pl. Sec. Amend. Comp., ¶ 35. CNO terminated Plaintiff, *inter alia*, in violation of Pennsylvania public policy in retaliation for Plaintiff filing a partial unemployment compensation claim. *See* Pl. Sec. Amend. Comp., ¶ 36.

As a result of the wrongful termination, Plaintiff suffered emotional distress. Plaintiff has

remained in distress since termination of her employment as Plaintiff sought to resolve the impact of termination while challenging illness. *See* Pl. Sec. Amend. Comp., ¶ 37. Plaintiff has been unable to gain equivalent employment. *See* Pl. Sec. Amend. Comp., ¶ 38.

## II.   ARGUMENT

Plaintiff, Muriel Beck, set forth 'sufficient factual matter' to demonstrate to this Honorable Court that her claims against Defendant, CNO wrongful termination in violation of Pennsylvania public policy in her Second Amended Complaint, which was filed with leave of Defendant's Counsel.

### A.   PLAINTIFF'S SECOND AMENDED COMPLAINT WAS APPROPRIATELY FILED IN ACCORDANCE WITH FRCP 15(B).

Plaintiff's Second Amended Complaint was appropriately filed in accordance with Federal Rule of Civil Procedure 15(b). Rule 15(b) provides that a party may file a second amended complaint with the opposing party's written consent. *See* FRCP 15(b). Plaintiff timely filed her Second Amended Complaint on February 2, 2018 in accordance with the stipulation (Doc. No. 13), which was approved by this Honorable Court on January 24, 2018 (Doc. No. 14). The Order states that Plaintiff may "respond / amend" by February 2, 2018. *See* Doc. No. 14. As Plaintiff filed her Second Amended Complaint with the opposing party's written consent, which was approved by this Honorable Court, Plaintiff's Second Amended Complaint is procedurally proper and Defendant's Motion to Dismiss should be denied.

### B.   PLAINTIFF SUFFICIENTLY PLED A CLAIM FOR WRONGFUL DISCHARGE IN VIOLATION OF PENNSYLVANIA PUBLIC POLICY.

Plaintiff sufficiently pled a claim for wrongful discharge in violation of Pennsylvania public policy. In Plaintiff's Second Amended Complaint, Plaintiff alleged two baseis for her wrongful termination: (i) retaliation for filing for partial unemployment compensation; and (ii) retaliation for filing a complaint concerning workplace safety. *See Wetherhold v. Radioshack*

*Corporation,* 339 F.Supp.2d 670, 681-82 (EDPA 2004) (finding that a retaliatory termination as

a result of an OSHA Complaint, violates Pennsylvania public policy as articulated in 35 PS

Health & Safety § 7313); *see also Highhouse v. Avery Transp.*, 443 Pa.Super. 120, 127 (1995)

(holding that "that if the appellee-employer discharged appellant because he had made a claim

for unemployment compensation during a period when he was not working and earning income,

the discharge will constitute a violation of public policy and will support a tort claim for

wrongful discharge"). Defendant did not challenge the first basis of retaliation. [1]

The *Wetherhold* Court determined that "a termination of an employee who has filed a

report with OSHA violates the public policy of the Commonwealth" as the Pennsylvania Worker

and Community Right-to-Know Act ("PWCRA") "must be read in conjunction with the OSH

Act and the termination of an employee for filing a complaint under either of those laws, with

either the applicable federal or state agency, is a violation of the PWCRA." *Wetherhold,* 339

F.Supp.2d at 681-82. As such, Plaintiff's cause of action has been recognized in this very

District. *Id.*

Although Defendant seems to admit the holding of the *Wetherhold* Court, Defendant

claims that the *Wetherhold* Court did not address whether the Plaintiff had to file with the

Pennsylvania Department of Labor and Industry. *See* Defendant's Motion to Dismiss Plaintiff's

Second Amended Complaint (Doc. No. 17, Pg. 5). Not so. *Wetherhold,* 339 F.Supp.2d at 682.

Specifically, the *Wetherhold* Court determine that the statutory remedy found in 35 P.S. § 7314

was *not* a requirement but merely an option. *Id* ("A straightforward reading of this section of the

statute demonstrates that the filing of a complaint with the Commonwealth is not required, but

---

[1]        As Defendant did not challenge the first basis, i.e. retaliation for filing for partial unemployment
compensation, Plaintiff's matter should proceed even if this Honorable Court determines that the second basis, i.e.
retaliation for filing a complaint concerning workplace safety, is not recognizable. *See* Defendant's Motion to
Dismiss Plaintiff's Second Amended Complaint (Doc. No. 17).

merely available as an avenue of redress. Therefore, because the PWCRA must be read in conjunction with the OSH Act, an employee is not required to file a complaint with the Department of Labor and Industry, the responsible Commonwealth Agency.")

The *Wetherhold* Court concluded as follows:

> It is clear from the Pennsylvania Worker and Community Right–to–Know Act, 35 P.S. §§ 7301, *et seq.* (2004), the Occupational Safety and Health Act of 1970, 29 U.S.C. § 660 (2004) and the regulations promulgated thereunder, that the public policy of the Commonwealth of Pennsylvania is violated if an employer terminates an employee for engaging in protected activity under either of those state or federal laws. Consequently, consistent with the Pennsylvania Supreme Court's *McLaughlin* decision, this Court finds that the termination of an employee who has filed a report with OSHA violates the public policy of the Commonwealth of Pennsylvania, as articulated in the PWCRA, and relief for an allegation of wrongful termination could be granted.

As this Honorable Court has recognized Plaintiff's claim and does not require a plaintiff to file with OSHA or the Department of Labor and Industry for retaliation when Pennsylvania public policy is violated, Defendant's Motion to Dismiss should be denied.

## III.   CONCLUSION

For the foregoing reasons, Plaintiff, Muriel Beck, respectfully requests this Honorable Court deny Defendant's Motion to Dismiss Plaintiff's Second Amended Complaint and enter the proposed Order attached hereto

**WHEREFORE,** Plaintiff, Muriel Beck, by and through her undersigned attorneys, respectfully requests this Honorable Court deny Defendant's Motion to Dismiss Plaintiff's Second Amended Complaint and enter the proposed Order attached hereto.

Respectfully submitted,

**WEISBERG LAW**                              **SCHAFKOPF LAW, LLC**

*/s/ Matthew B. Weisberg*                     */s/ Gary Schafkopf*
Matthew B. Weisberg                           Gary Schafkopf
Attorney Id. No.: 85570                       Attorney ID No. 83362

L. Anthony DiJiacomo, III
Attorney Id. No.: 321356
7 South Morton Ave.
Morton, PA 19070
610-690-0801
Fax: 610-690-0880

11 Bala Ave
Bala Cynwyd, PA 19004
610-664-5200 Ext 104
Fax: 888-283-1334

*Attorneys for Plaintiffs*

## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MURIEL BECK** | : | |
| 1929 Sansom St., No. 705 | : | |
| Philadelphia, PA 19103 | : | |
| | : | |
| v. | : | No.: 17-04300 |
| | : | |
| **CNO FINANCIAL GROUP, INC.**, et al. | : | |
| 11825 N. Pennsylvania St. | : | |
| Cannel, IN 46032 | : | |

### CERTIFICATE OF SERVICE

I, Matthew B. Weisberg, Esquire, hereby certify that on this 9th day of March, 2018, a

true and correct copy of the foregoing Plaintiff's Response in Opposition to Defendants' Motion

to Dismiss, and Plaintiff's Memorandum of Law in Support thereof, was served via ECF upon

the following party:

William J. Leahy, Esq.
Denise M. Maher, Esq.
Littler Mendelson, P.C.
Three Parkway
1601 Cherry St., Ste. 1400
Philadelphia, PA 19102-1321

**WEISBERG LAW**

 /s/ Matthew B. Weisberg
Matthew B. Weisberg, Esquire
L. Anthony DiJiacomo, III, Esquire
*Attorneys for Plaintiff*